Edward T. Sullivan, J.
Appeal from conviction on September 7, 1967, Village Police Court (J. Fremont, Robert) without jury, after trial for illegal operation of motor vehicle on August 23,1966, about 10:30 p.m., Ferry Street, Village of Schuyler-ville, Saratoga County, N. Y., in violation of section 1162 of the Vehicle and Traffic Law. Statute wording is: “No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.”
The short-form complaint on Uniform Traffic Ticket No. 44181 dated August 23, 1966, issued by Police Sergeant Joseph Peets, summonsing defendant to court, was amplified by a verified bill of particulars, dated September 7, 1966. Both charge violation of section 1162 of the Vehicle and Traffic Law, the latter pleading in much greater detail.
Ferry Street, Schuylerville, N. Y., follows a general easterly-westerly course. Defendant was charged, and People’s proof by the testimony of Sergeant Peets and Police Chief Walter Woolley, both observers, was, in substance, that defendant driving easterly pulled to the right, stopped momentarily to permit another eastbound car coming from his rear to pass, and then made a fast U-turn to his left in front of a westbound vehicle. Defendant testified in his own behalf, and his passenger, one Tim Smith, also testified for the defense. The two sets of adverse witnesses differ on three facts.
(1) The prosecution witnesses say the vehicle was moved after the momentary stop without a warning signal. Defendant says his left blinker signal lights were on. This testimony is immaterial to determine the question of a penal violation, since the Legislature eliminated this statutory requirement from section 1162 upon the recommendation of the Joint Legislative Committee on Motor Vehicle Problems, (N. Y. Legis. Doc., 1954, No. 36, p. 68) when the Vehicle and Traffic Law was revised by chapter 775,of the Laws of 1959, effective October 1,1960. This deletion wa¿ realistic and logical, since an unsafe condition cannot be made safe by signalling before moving a stopped *668 vehicle into it; nor can signalling, in itself, have any real effect on a condition that is already safe.
(2) The testimony is in conflict on locus of acceleration. Witnesses for the People say defendant accelerated from his stopped position. Sergeant Peets testified: ‘ ‘ The defendant accelerated speed and took off at a fast rate of speed causing his tires to squeal ”. Chief Woolley testified: “ I. observed the red sports car, which had stopped momentarily on the south side of Ferry, spin around to the left at a high rate of speed ”. Defense witnesses put the place of acceleration at about the middle of the U-turn when they first observed the headlights of the approaching west bound car.
(3) The distance between the defendant’s car and the westbound car at the point of defendant’s acceleration is also in conflict. Sergeant Peets put this distance at 35 feet. Chief Woolley estimated this distance as 50 to 75 feet. Defendant’s passenger Smith testified it was approximately 80 feet and the defendant said approximately 100 feet. The police officers were judging this distance from the point on the extreme southerly side of the street from which the defendant moved his car by accelerating from the stopped position. Defense witnesses made their judgments from the point at about the middle of the U-turn which was at about the midpoint of the over-all width of the street.
The witnesses agree that there was no collision, that defendant completed his turn and parked his car on the north side of Ferry Street, that none heard or saw any signal from the approaching westbound car, that none heard any brake noise from the operation of the westbound car and that it did not turn right or left from its regular course on the panel for westbound traffic. Neither of the police officers stopped the westbound car, so its occupants were not identified and, of course, they could not and did not testify. The presence of this westbound car is the only traffic factor in the record upon which the People rely to establish the essential factor of proof that at the very moment he did so, defendant could not move his car with “reasonable safety ”. While a conviction under this section is not a crime, a prosecution for violation of it is penal in nature and the rules from criminal procedure apply. Thus, the burden of proof beyond a reasonable doubt is on the People if the statute is legally applicable to the factual situation here.
Defendant, in addition to claims of error based on inadequacy of proof, contends section 1162 of the Vehicle and Traffic Law was not intended to control situations like the one in this case; *669 that it is limited to situations where parked cars are getting into motion. The wording of the statute refutes this position. The revised version and the preceding phraseology include the words, “ stopped, standing, or parked ”.
It is clear from the whole evidence that when he moved his vehicle, defendant intended to make a U-turn to his left, park his vehicle on the opposite side of the street, and visit Villa’s Restaurant. We are not concerned with the reasonable safety of resuming motion in the same dire.ction and continuing in an easterly direction. Could defendant, at that point on Ferry Street and the traffic conditions existing at that precise moment, move his vehicle from a stopped position across both traffic panels, making a complete change of direction, with reasonable safety? The trial court wherein the witnesses were observed and heard has made a factual determination on the evidence produced that he could and did not.
It is for the trier of the fact to decide on the credibility of witnesses and the probatative weight of their testimony. There was no jury and the Trial Judge has resolved this against the defendant, holding by his finding of guilty that the People have sustained the burden of proof beyond a reasonable doubt. The conflicting testimony produced by the defense witnesses raised a question for the trier of the facts, but he determined that it did not factually refute the testimony of the prosecution witnesses to the extent of establishing a reasonable doubt. Unless the trial court made an error of law in holding that the evidence was sufficient to establish the violation, the conviction must stand. In the opinion of County Court in its interim appellate capacity, the facts proved, as necessarily believed and determined to warrant conviction of the charge, cannot be said by this court to be insufficient proof as matter of law.
Conviction affirmed.